**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jennifer Knobloch, individually and on behalf of similarly situated individuals, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 18-cv-00263 |
| ABC Financial Services, Inc., ) ) | Judge _____ Magistrate Judge _____ |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1443 and 1446, Defendant, ABC Financial Services, Inc. ("Defendant"), hereby gives notice of the removal of this civil action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

**BACKGROUND**

1. Plaintiff, Jennifer Knobloch ("Plaintiff"), on behalf of herself and other similarly situated individuals, filed a Class Action Complaint (the "Complaint") against Defendant in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2017-CH-16187, styled *Jennifer Knobloch, et al. v. ABC Financial Services, Inc., an Arkansas corporation* (the "State Action"). The State Action is currently pending. Copies of all process, pleadings and orders filed or served on Defendant in the State Action are attached hereto as **Exhibit 1**.

2. Plaintiff commenced this action in state court against Defendant by service of process upon ABC's registered agent for service of process. Service of process upon ABC's

agent for service of process was made on December 19, 2017. This Notice of Removal is therefore timely filed under the provisions of 28 U.S.C. § 1446(b).

3. Through Count II of the Complaint, Plaintiff claims that the purported acts of Defendant violate Federal law and, specifically, the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"). (*See* Compl. ¶¶ 48-54). Plaintiffs' claims for breach of contract (Count I), unjust enrichment (Count III) and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 are so related to her EFTA claims that they form part of the same case or controversy under Article III of the United States Constitution and, thus, this Court has supplemental jurisdiction over the remaining claims in the Complaint pursuant to 28 U.S.C. § 1367.

## BASIS FOR REMOVAL

4. A civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives the district courts original jurisdiction off "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. As a general rule, an action "arises under" federal law if the complaint affirmatively alleges a federal claim. *Quick v. Shell Oil Co*., 2005 U.S. Dist. LEXIS 23158, *6 (C.D. Ill. Aug. 3, 2005) (citing *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 156 L. Ed. 2d 1, 123 S. Ct. 2058 (2003)). The existence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, under which a federal claim arises only when the plaintiff's complaint, on its face, raises issues of federal law. *Id*. at *8 (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987)).

5. Here, Plaintiff claims ABC violated the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. (Compl. ¶¶ 9, 27, 48-54.) The remainder of Plaintiff's claims (breach of contract, unjust enrichment and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2) are derived from Plaintiff's contention that ABC's conduct violated the EFTA or are otherwise predominantly founded on said claim. Plaintiff specifically references and relied upon Federal law throughout the Complaint in support of all causes of action and, accordingly, removal to district court is appropriate.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), because the action was originally filed in the Circuit Court of Cook County, Illinois.

7. Notice of this Removal is being provided to Plaintiff, through her counsel of record, McGuire Law, P.C. 55 W. Wacker Dr., 9th Floor, Chicago, Illinois 60601.

8. Pursuant to § 1446(d), a Notice of Filing of this Notice of Removal will be filed within the Circuit Court of Cook County, Illinois, Chancery Division, in Case No. 2017-CH-16187.

## CONCLUSION

9. Because there is a Federal Question involved in the State Action, and Plaintiff's claims are so related to each other, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1367.

Date:  January 12, 2018                     Respectfully submitted,

                                            **ABC FINANCIAL SERVICES, INC.**

                                            By:   /s/ Andrew D. LeMar
                                                    One of its attorneys

                                            Andrew D. LeMar (alemar@burkelaw.com)
                                            Burke, Warren, MacKay & Serritella, P.C.
                                            330 North Wabash Avenue, 21st Floor
                                            Chicago, Illinois 60611-3607
                                            Telephone:    (312) 840-7000
                                            Facsimile:    (312) 840-7900

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 12, 2018, I electronically filed the foregoing Notice of Removal using the CM/ECF system. In addition, I served the foregoing Notice of Removal via U.S. Mail upon the following:

> Myles McGuire
> Evan M. Meyers
> David L. Gerbie
> McGuire Law, P.C.
> 55 W. Wacker Dr., 9th Floor
> Chicago, IL 60601

                                              /s/ William Daitsman
                                                William Daitsman